## William Arnold *vs.* Charles H. Pond.

Where a creditor obtained judgment against his debtor, and had part satisfaction of his execution, returned by an officer, by sale of a personal chattel of a third person, who brought an action against the officer and recovered the value thereof; and the creditor, during the pendency of that suit, recovered a new judgment for the balance of his execution, left unsatisfied, in action of debt, and obtained satisfaction of that judgment; and after the recovery against the officer, brought *scire facias* on the first judgment to have execution for the amount thus returned satisfied on the first execution; *it was held*, that the *scire facias* could not be sustained.

This was a *scire facias*, originally commenced in the Court of Common Pleas, where the facts were agreed by the parties, on a judgment of that Court, *January Term*, 1832, for $13,66, damages, and $8,53, costs. Execution issued *January* 28, 1832, and was given to one *Trafton*, a deputy sheriff, who seized thereon " one tool chest," and having legally advertized the same, sold it on the execution as the property of *Pond*, and returned the execution satisfied thereby, for the sum of $9,50. Subsequently one *Stevens*, whose property the chest was, brought an action of trespass

against *Trafton* for taking it, and finally recovered the value thereof. During the pendency of the last suit, *Arnold* commenced an action of debt before a Justice on his judgment against *Pond*, and recovered judgment for the balance remaining, after the proceeds of the sale of the chest had been indorsed ; and an execution issued thereon, and was fully satisfied. This *scire facias* was instituted after the recovery against *Trafton*.

*J. Appleton*, for the plaintiff, argued, that this was but the case of the satisfaction of an execution against one man by the sale of the personal property of another, where it is no satisfaction of the judgment, and the creditor is entitled to a *scire facias* for a new execution. *Flagg* v. *Dryden*, 7 *Mass. R.* 52; *Steward* v. *Allen*, 5 *Greenl.* 103. The judgment before the Justice is no more than a satisfaction of so much of the execution. This is the only remedy the creditor has.

*P. Chandler*, for the defendant, argued, that a judgment recovered is indivisible, and that two suits, debt and *scire facias*, cannot be maintained upon it. The first judgment was merged in the second before the Justice, and that is satisfied. The second judgment, even without satisfaction, is a sufficient bar to another suit on the first judgment. 15 *Johns. R.* 229, 432; 6 *Dane*, 223; 3 *East*, 346 ; *Adams* v. *Rowe*, 2 *Fairf.* 95.

By the Court. — Whatever remedy, if any, may remain to the plaintiff, we are of opinion it is not to be obtained upon the process to which he has resorted. No subsisting unsatisfied judgment is in force against the defendant.

*Judgment for defendant.*